# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Angela Chatman, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : JUDGE: |
| CTI Collection Services, Inc.; and DOES 1-10, inclusive, | : MAGISTRATE JUDGE: |
| Defendants. | : |

# COMPLAINT

For this Complaint, the Plaintiff, Angela Chatman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.	The Plaintiff, Angela Chatman ("Plaintiff"), is an adult individual residing in Reserve, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.	The Defendant, CTI Collection Services, Inc. ("CTI"), is a Illinois business entity with an address of 3333 West Arthington Street, Chicago, Illinois 60620, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.	Does 1-10 (the "Collectors") are individual collectors employed by CTI and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.	CTI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.	Plaintiff's daughter allegedly incurred a financial obligation in the approximate amount of $2,500.00 (the "Debt") to an original creditor (the "Creditor").

9.	The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.	The Debt was purchased, assigned or transferred to CTI for collection, or CTI was employed by the Creditor to collect the Debt.

11.	The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CTI Engages in Harassment and Abusive Tactics

12.     Beginning on or about May 2012, Defendants began to contact Plaintiff in an attempt to collect a Debt from Plaintiff's daughter, Whitnee.

13.     Plaintiff was not a co-signer nor was she otherwise legally responsible for the Debt.

14.     Defendants had previously confirmed the correct location information for Plaintiff's daughter, Whitnee.

15.     Plaintiff informed Defendants that Whitnee was not there and that demanded that all calls to the Plaintiff cease.

16.     Despite all of the above, Defendants placed calls to Plaintiff up to six (6) times per day, in an attempt to harass and annoy Plaintiff.

17.     Moreover, Defendants once placed a call to Plaintiff as early as 7:30 a.m. in an attempt to collect Whitnee's Debt.

18.     On or about the beginning of June 2012, Defendants placed a call to Plaintiff and stated her that they already spoke with Whitnee's employer and would immediately garnish her wages if Whitnee did not return their phone call.

19.     Defendants' threats to Plaintiff regarding her daughter, Whitnee, caused Plaintiff great mental stress and anxiety.

### C. Plaintiff Suffered Actual Damages

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

30.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

32.     Louisiana further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Louisiana state law.

33.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

34.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Louisiana law requirements for an invasion of privacy.

35.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

38.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

39.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Louisiana.

40.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to La. Rev. Stat. Ann. §9-625;
5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 6, 2012

                                    Respectfully submitted,

                                    By:  __/s/ Kenneth D. McLean_____
                                    Kenneth D. McLean, Esq. (LSB No. 30190)
                                    THE McLEAN LAW FIRM, LLC
                                    P.O. Box 38161
                                    Germantown, TN 38183-0161
                                    Telephone: (901) 326-6888
                                    Facsimile: (901) 531-8102
                                    Attorneys for Plaintiff


                                    Of Counsel To:

                                    LEMBERG & ASSOCIATES L.L.C.
                                    1100 Summer Street, 3rd Floor
                                    Stamford, CT 06905
                                    Telephone: (203) 653-2250
                                    Facsimile:  (203) 653-3424